

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00353-CV

## IN THE INTEREST OF R.W.S., J.R.S., AND M.S., CHILDREN

**From the 13th District Court
Navarro County, Texas
Trial Court No. D21-29633-CV**

## MEMORANDUM  OPINION

The mother and father of R.W.S., J.R.S., and M.S. appeal from a judgment that terminated their parental rights to their children after a jury trial.  *See* TEX. FAM. CODE §161.001.  The mother and father complain that the definition of "endanger" in the jury charge was erroneous, although they each acknowledge that there was no objection to the instruction given made to the trial court.[1]  Because we find that this complaint was not properly preserved, we affirm the judgment of the trial court.

**PRESERVATION OF JURY CHARGE ERROR**

The mother and father each complain that the definition of "endanger" submitted to the jury in the jury charge constituted an improper comment on the weight of the

---

[1] The mother and father filed separate briefs in this proceeding but raised the same issue and arguments.

evidence. Both the mother and father acknowledge that no objection was ever made to the trial court to any part of the jury charge.[2]

In civil proceedings, Rule 272 of the Rules of Civil Procedure states in part that "[a]ll objections [to the jury charge] not so presented [in writing or dictated into the record] shall be considered as waived." TEX. R. CIV. P. 272. The Texas Supreme Court has long held that a complaint about the jury charge is waived unless the trial court is made aware of the complaint through a timely objection and a ruling is obtained, even in termination proceedings. *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003); *In re A.V.*, 113 S.W.3d 355, 363 (Tex. 2003). Because neither the mother nor the father objected to the jury charge on this basis, this complaint was waived. *See also* TEX. R. APP. P. 33.1(a). We overrule the mother and father's sole issues.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

---

[2] The mother and father both argue that, in termination of parental rights proceedings, the current rules for preservation of jury charge error pursuant to the Rules of Civil Procedure should be set aside and the criminal standard set forth in *Almanza v. State* should be adopted. *See Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). If the *Almanza* standard was adopted, jury charge error would not have to be preserved in the trial court in order to complain on appeal; rather, unobjected-to error would be reviewed for egregious harm as in criminal appeals. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). We decline the parents' invitation to alter preservation rules in termination of parental rights proceedings.

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed April 19, 2023
[CV06]

